**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NATIONAL SECURITY COUNSELORS | * | |
| 1200 South Courthouse Road, Suite 124 | * | |
| Arlington, VA  22204, | * | |
| | * | |
|     Plaintiff, | * | |
| | * | |
|     v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| Washington, DC  20505, | * | |
| | * | |
|     and | * | |
| | * | |
| DEFENSE INTELLIGENCE AGENCY | * | |
| Building 6000 | * | |
| Washington, DC  20340, | * | |
| | * | Civil Action No. 1:11-cv-0445-BAH |
|     and | * | |
| | * | |
| DEPARTMENT OF JUSTICE | * | |
| 950 Pennsylvania Avenue, NW | * | **COMPLAINT** |
| Washington, DC  20530, | * | |
| | * | |
|     and | * | |
| | * | |
| DEPARTMENT OF STATE | * | |
| 2201 C Street, NW | * | |
| Washington, DC  20520, | * | |
| | * | |
|     and | * | |
| | * | |
| NATIONAL SECURITY AGENCY | * | |
| 9800 Savage Road | * | |
| Ft. George G. Meade,  MD  20755, | * | |
| | * | |
|     and | * | |
| | * | |
| OFFICE OF THE DIRECTOR OF | * | |
| NATIONAL INTELLIGENCE | * | |
| Washington, DC  20511, | * | |
| | * | |
|     Defendants. | * | |

*

*   *   *   *   *   *   *   *   *   *   *   *   *

Plaintiff National Security Counselors brings this action against Defendants Central Intelligence Agency, Defense Intelligence Agency, Department of State, National Security Agency, and Office of the Director of National Intelligence pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, the Mandamus Act, 28 U.S.C. § 1361, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1.     This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2.     Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 703 and 28 U.S.C. § 1391.

## PARTIES

3.     Plaintiff National Security Counselors ("NSC") is a non-profit organization under the laws of the Commonwealth of Virginia and has the ability to disseminate information on a wide scale.

4.     Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

5.     Defendant Defense Intelligence Agency ("DIA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

2

6.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

7.      Defendant Department of State ("DOS") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

8.      Defendant National Security Agency ("NSA") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

9.      Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Plaintiff which are the subject of this action.

## FIRST CAUSE OF ACTION

### (FOIA – CIA – RECORDS DENIAL – F-2010-00467)

10.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

11.     On 1 December 2009, NSC submitted to CIA a FOIA request ("the CIA FOIA/PA Processing Notes request") for copies of all CIA records "referencing FOIA and Privacy Act requests submitted by [ten listed parties] that contain remarks, comments, notes, explanations, etc. made by CIA personnel or contractors about the processing of these requests (and appeals, if appropriate), the invocation of exemptions, or related matters.  This is to include any analysts' notes made during the processing of the requests, any standard worksheets completed by the analysts, any justifications for exemption invocations or other supporting documentation

provided to the Appeals Authority, and any correspondence referencing the requests, including tasking orders, emails, and coordination documentation." This request letter also excluded any records that were released to the requesters in their entirety.

12.     By letter dated 8 December 2009, NSC limited the scope of the request to (a) the first twenty requests submitted by Michael Ravnitzky ("Mr. Ravnitzky") in 2006 and 2009, and (b) for all other requesters, requests submitted in the last four years in which the requester submitted requests.

13.     On 4 February 2010, CIA acknowledged receipt of this request and divided it into several different requests, one for each original requester.  CIA assigned the request for records pertaining to Mr. Ravnitzky Request No. F-2010-00467.

14.     On 22 September 2010, CIA released seventy redacted documents and six unredacted documents to NSC in response to Request No. F-2010-00467.  CIA also withheld an unspecified amount of "[a]dditional material . . . in its entirety on the basis of FOIA exemptions (b)(1), (b)(3), and/or (b)(5)."

15.     On 24 October 2010, NSC appealed CIA's withholdings.  CIA acknowledged this appeal on 12 November 2010.

16.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

17.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## SECOND CAUSE OF ACTION

### (FOIA – CIA – RECORDS DENIAL – F-2010-00666)

18.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

19.     By letter dated 9 February 2010, NSC CIA limited the scope of the part of the CIA FOIA/PA Processing Notes request pertaining to the James Madison Project ("JMP") to records pertaining to twenty-seven identified FOIA requests.

20.     On 18 March 2010, CIA assigned the request for records pertaining to JMP Request No. F-2010-00666.

21.     On 29 September 2010, CIA released 106 redacted documents and twenty-six unredacted documents to NSC in response to Request No. F-2010-00666.  CIA also withheld an unspecified amount of "[a]dditional material . . . in its entirety on the basis of FOIA exemptions (b)(1), (b)(3), and/or (b)(5)."

22.     On 24 October 2010, NSC appealed CIA's withholdings.  CIA acknowledged this appeal on 19 November 2010.

23.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

24.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## THIRD CAUSE OF ACTION

### (FOIA – CIA – RECORDS DENIAL – F-2010-00667)

25.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

26.     By letter dated 9 February 2010, NSC limited the scope of the part of the CIA FOIA/PA Processing Notes request pertaining to NSC to records pertaining to seven identified FOIA requests.

27.     On 18 March 2010, CIA assigned the request for records pertaining to NSC Request No. F-2010-00667.

28.     On 30 September 2010, CIA released thirty redacted documents and three unredacted documents to NSC in response to Request No. F-2010-00667.  CIA also withheld an unspecified amount of material in the following manner: "We also determined there is some material that is currently and properly classified and must be denied in its entirety on the basis of FOIA exemptions (b)(1) and (b)(3) and other material that must be denied in its entirety on the basis of FOIA exemptions (b)(3), (b)(5), and/or (b)(6)."

29.     On 10 September 2010, NSC appealed CIA's withholdings.  CIA acknowledged this appeal on 8 October 2010.

30.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

31.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## FOURTH CAUSE OF ACTION

### (FOIA – CIA – IMPROPER BLANKET WITHHOLDINGS)

32.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

33.     Undersigned has submitted eighteen FOIA requests to CIA for the types of records sought in the CIA FOIA/PA Processing Notes request, both in his capacity as Executive

Director of NSC and in his own personal capacity.  CIA identified responsive records in thirteen

of these requests.  In response to twelve of these thirteen requests (Request Nos. F-2009-01591;

F-2009-01592; F-2009-01593; F-2009-01594; F-2009-01595; F-2009-01596; F-2009-01606; F-

2010-00465; F-2010-00466; F-2010-00467; F-2010-00666; and F-2010-00667), CIA has

withheld everything from the release except for correspondence with the requester.  In addition,

NSC has submitted two FOIA requests to the Federal Bureau of Investigation ("FBI") for FOIA

referral memos (Request Nos. 1150749-000 and 1150753-000), which were then referred in part

to CIA and assigned Request Nos. F-2011-00328 and F-2011-00329.  CIA has withheld all

responsive records (which were limited to FOIA referral memos between FBI and CIA) in these

two requests.  Upon information and belief, this activity represents an ongoing policy, practice,

or standard operating procedure ("SOP").

      34.     The Court has virtually unlimited equitable authority to declare a "sufficiently

outrageous" ongoing practice to be unlawful even if the agency reversed its position with respect

to the FOIA requests in question.

      35.     A policy, practice, or SOP that applies a blanket exemption to all information

pertaining to an agency's processing of FOIA and Privacy Act (collectively "FOIA/PA") requests

is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad

equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse

of discretion, or otherwise contrary to law.

      36.     As a frequent FOIA requester, NSC stands to continue to be harmed by this

ongoing practice in the future.

      37.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in

violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant

to that statute to cease the practice of invoking a blanket exemption to withhold all FOIA/PA

processing notes.

## FIFTH CAUSE OF ACTION

### (FOIA – DIA – CONSTRUCTIVE RECORDS DENIAL – 0085-2010)

38.     NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

39.     On 1 December 2009, NSC submitted to DIA a FOIA request substantively

identical to the CIA FOIA/PA Processing Notes request.

40.     By letter dated 8 December 2009, NSC limited the scope of the request to (a) the

first twenty requests submitted by Mr. Ravnitzky in 2006 and 2009, and (b) for all other

requesters, requests submitted in the last four years in which the requester submitted requests.

41.     On 13 January 2010, DIA acknowledged receipt of this request and assigned it

Request No. 0085-2010.

42.     As thirty working days have elapsed without a substantive determination by DIA,

NSC has exhausted all required administrative remedies.

43.     NSC has a legal right under FOIA to obtain the information it seeks, and there is

no legal basis for the denial by DIA of said right.

## SIXTH CAUSE OF ACTION

### (FOIA – ODNI – RECORDS DENIAL – DF-2010-00026)

44.     NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

45.     On 1 December 2009, NSC submitted to ODNI a FOIA request substantively

identical to the CIA FOIA/PA Processing Notes request.

8

46.     By letter dated 8 December 2009, NSC limited the scope of the request to (a) the first twenty requests submitted by Mr. Ravnitzky in 2006 and 2009, and (b) for all other requesters, requests submitted in the last four years in which the requester submitted requests.

47.     On 16 March 2010, an ODNI representative informed NSC that the request had been assigned Request No. DF-2010-00026.

48.     On 27 May and 21 June 2010, ODNI released records with redactions to NSC and informed NSC that it was still waiting on responses from other government agencies to requests for consultation on other responsive records.

49.     On 1 July 2010, NSC appealed some of ODNI's withholdings.  ODNI acknowledged this appeal on 15 July 2010.

50.     By email dated 27 July 2010, NSC clarified to ODNI that it was also interested in all interagency correspondence pertaining to referrals and consultations.

51.     On 22 September 2010, ODNI released more records with redactions to NSC. NSC did not appeal the withholdings.

52.     ODNI has not released any records to NSC for which it sought input from other government agencies.

53.     As twenty working days have elapsed without a substantive determination by ODNI, NSC has exhausted all required administrative remedies.

54.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by ODNI of said right.

## SEVENTH CAUSE OF ACTION

### (FOIA – CIA – RECORDS DENIAL – F-2010-00599)

55.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

56.     On 6 February 2010, NSC submitted to CIA a FOIA request ("the CIA FOIA/PA Reference Materials request") for copies of "all current training handbooks, manuals, guidelines, checklists, worksheets, and similar documents provided to [CIA] FOIA and Privacy Act analysts (both agency employees and contractors)."

57.     On 4 March 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2010-00599.

58.     On 26 May 2010, CIA released two records (a regulation published in the Code of Federal Regulations and a notice published in the Federal Register) to NSC in response to Request No. F-2010-00599.  CIA also withheld an unspecified amount of "[a]dditional material . . . in its entirety on the basis of FOIA exemptions (b)(1), (b)(2), (b)(3), and/or (b)(5)."

59.     On 6 July 2010, NSC appealed CIA's withholdings.  CIA acknowledged this appeal on 26 July 2010.

60.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

61.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

## EIGHTH CAUSE OF ACTION

### (FOIA – DOJ – CONSTRUCTIVE RECORDS DENIAL – FY10-6)

62.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

63.     On 22 October 2009, NSC submitted to DOJ Office of Legal Counsel ("OLC") a FOIA request for all OLC opinions concerning FOIA or the Privacy Act.

64.     By email dated 25 October 2009, NSC amended this request to include OLC opinions concerning the Federal Records Act, the Presidential Records Act, or agency records retention policies.

65.     By telephone on 2 December 2009, DOJ acknowledged receipt of this request and assigned it Request No. FY10-6.

66.     As twenty working days have elapsed without a substantive determination by DOJ, NSC has exhausted all required administrative remedies.

67.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOJ of said right.

## NINTH CAUSE OF ACTION

### (FOIA – DOS – CONSTRUCTIVE RECORDS DENIAL – 201001570)

68.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

69.     On 6 February 2010, NSC submitted to DOS a FOIA request substantively identical to the CIA FOIA/PA Reference Materials request.

70.     On 10 May 2010, DOS acknowledged receipt of this request and assigned it Request No. 201001570.

71.     As twenty working days have elapsed without a substantive determination by DOS, NSC has exhausted all required administrative remedies.

72.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by DOS of said right.

## TENTH CAUSE OF ACTION

## (FOIA – NSA – CONSTRUCTIVE RECORDS DENIAL – 60859)

73.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

74.     On 6 February 2010, NSC submitted to NSA a FOIA request substantively identical to the CIA FOIA/PA Reference Materials request.

75.     On 11 March 2010, NSA acknowledged receipt of this request and assigned it Request No. 60859.

76.     As twenty working days have elapsed without a substantive determination by NSA, NSC has exhausted all required administrative remedies.

77.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by NSA of said right.

## ELEVENTH CAUSE OF ACTION

## (FOIA – CIA – IMPROPER BLANKET WITHHOLDINGS)

78.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

79.     Upon information and belief, CIA's decision to apply a blanket exemption to all FOIA/PA reference materials represents an ongoing policy, practice, or SOP and is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable

powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

80.     As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

81.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to cease the practice of invoking a blanket exemption to withhold all FOIA/PA reference materials.

## TWELFTH CAUSE OF ACTION

### (FOIA – CIA – RECORDS DENIAL – F-2011-00253)

82.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

83.     On 3 November 2010, NSC submitted to CIA a FOIA request similar to the CIA FOIA/PA Processing Notes requests for records pertaining to the processing of sixteen identified FOIA requests that were referred to CIA by the National Archives and Records Administration ("NARA").

84.     On 17 November 2010, CIA acknowledged receipt of this request and assigned it Request No. F-2011-00253.  In this response, CIA refused to confirm or deny the existence or nonexistence of responsive records ("*Glomar* response") on the basis of FOIA exemptions (b)(1) and (b)(3).

85.     On 20 November 2010, NSC appealed CIA's *Glomar* response.  CIA acknowledged this appeal on 6 December 2010.

86.     As twenty working days have elapsed without a substantive determination by CIA, NSC has exhausted all required administrative remedies.

87.     NSC has a legal right under FOIA to obtain the information it seeks, and there is no legal basis for the denial by CIA of said right.

### THIRTEENTH CAUSE OF ACTION

### (FOIA/APA – CIA – IMPROPER *GLOMAR* RESPONSE)

88.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

89.     NSC has submitted nine FOIA requests (Request Nos. F-2010-00464; F-2010-00466; F-2010-00665; F-2010-00668; F-2010-01067; F-2010-01606; F-2010-01607; F-2011-00253; and F-2011-00768) to CIA that would include records pertaining to FOIA or Mandatory Declassification Review ("MDR") requests that were referred to CIA by another government agency.  CIA has issued a *Glomar* response in response to all but one of these requests (CIA has not responded to F-2011-00768 yet, but there is a high likelihood that CIA will issue a *Glomar* response in response to that request in the near future, given its previous responses).  Upon information and belief, this activity represents an ongoing policy, practice, or SOP.

90.     The fact that any given FOIA or MDR request is referred to CIA by another government agency is not classified.  When an agency refers a request to CIA, it generally informs the requester.  When a request that has been referred to CIA becomes the subject of litigation, CIA must file a sworn declaration with the Court regarding its processing of the referred request.  With respect to the sixteen FOIA requests specified in Request No. F-2011-00253, prior to NSC's submission of the request NARA had already released to NSC the referral memos and CIA's responses, all of which were clearly marked "Unclassified."  With respect to

the two FOIA requests specified in Request No. F-2011-00768, prior to NSC's submission of the request CIA had already written two letters to NSC regarding its processing of the referenced requests.  CIA's apparent position that a letter written on CIA stationery acknowledging that a FOIA request has been referred to it is unclassified while the fact that that same FOIA request was referred to it is classified is nonsensical.

91.      A policy, practice, or SOP that authorizes a *Glomar* response to any request for information pertaining to FOIA and MDR requests referred to an agency is in violation of FOIA and Executive Order 13,526.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

92.      As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

93.      NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute and the APA to cease issuing *Glomar* responses pertaining to FOIA or MDR requests referred to CIA by other government agencies.

## FOURTEENTH CAUSE OF ACTION

### (FOIA – CIA – FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B))

94.      NSC repeats and realleges the allegations contained in all paragraphs set forth above.

95.      Pursuant to 5 U.S.C. § 552(a)(7)(B), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making

the request . . . , including . . . an estimated date on which the agency will complete action on the request."

96.     NSC asked CIA numerous times in 2009-2010 for estimated dates of completion for its pending FOIA requests.  Each time, NSC specifically invoked 5 U.S.C. § 552(a)(7)(B).  Until November 2010, CIA refused to provide NSC with estimated dates of completion.  On 17 November 2010, a CIA representative informed NSC that CIA's new policy was to inform requesters that the estimated date of completion for any given request is two years from CIA's date of receipt.  In this conversation, the CIA representative also informed NSC that CIA would not provide estimated dates of completion for appeals.

97.     By letter dated 17 November 2010, JMP requested estimated dates of completion from CIA for three FOIA requests that were older than two years old, specifically invoking 5 U.S.C. § 552(a)(7)(B).  On 24 November 2010, CIA responded to JMP's request and refused to provide the requested estimated dates of completion.

98.     By letter dated 28 November 2010, Michael Ravnitzky requested estimated dates of completion from CIA for all of his open FOIA requests, ranging in age from several years to a few weeks old, specifically invoking 5 U.S.C. § 552(a)(7)(B).  On 19 January 2011, CIA responded to Mr. Ravnitzky's request and refused to provide the requested estimated dates of completion.

99.     Upon information and belief, despite CIA's assurances on 17 November 2010 that it would now provide estimated dates of completion upon request, this refusal to do so represents an ongoing policy, practice, or SOP.

100.    A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes

of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary,

capricious, an abuse of discretion, or otherwise contrary to law.

101.    As a frequent FOIA requester, NSC stands to continue to be harmed by this

ongoing practice in the future.

102.    NSC is therefore entitled to relief in the form of a declaratory order that CIA is in

violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant

to that statute to provide estimated dates of completion to requesters upon request.

## FIFTEENTH CAUSE OF ACTION

## (APA – CIA – FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B))

103.    NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

104.    If the authority to remedy a policy, practice, or SOP of refusing to provide

estimated dates of completion to requesters cannot be found in the broad equitable powers

provided by FOIA to the Court, the authority can be found in the APA.  Such a practice is

arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

105.    As a frequent FOIA requester, NSC stands to continue to be harmed by this

ongoing practice in the future.

106.    NSC is therefore entitled to relief in the form of a declaratory order that CIA is in

violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant

to the APA to provide estimated dates of completion to requesters upon request.

## SIXTEENTH CAUSE OF ACTION

## (MANDAMUS – CIA – FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B))

107.    NSC repeats and realleges the allegations contained in all paragraphs set forth above.

108.    The duty to provide requesters with estimated dates of completion imposed on CIA by 5 U.S.C. § 552(a)(7)(B) is non-discretionary and ministerial in nature.

109.    NSC has a direct interest in ensuring that agencies provide requesters with such status updates in accordance with federal law.

110.    By refusing to provide estimated dates of completion to requesters, CIA is violating its clearly mandated ministerial duty under 5 U.S.C. § 552(a)(7)(B), thereby harming NSC by denying it valuable information regarding the processing of its requests.

111.    NSC is therefore entitled to relief in the form of a writ of mandamus ordering CIA to comply with the statutory duty imposed by 5 U.S.C. § 552(a)(7)(B) to provide estimated dates of completion to requesters upon request.

## SEVENTEENTH CAUSE OF ACTION

## (FOIA – CIA – REFUSAL TO IDENTIFY WITHHELD RECORDS)

112.    NSC repeats and realleges the allegations contained in all paragraphs set forth above.

113.    In every case in which CIA has withheld records in their entirety in response to an NSC FOIA request, including the requests that are the subject of the instant action, CIA has consistently refused to identify any of the records withheld in their entirety.

114.    According to a CIA training outline allegedly created on 1 January 2001, available at http://www.foia.cia.gov/docs/DOC_0001214753/DOC_0001214753.pdf,  "at initial and at

18

appeal stage, no listing of documents, or putting specific exemptions next to redactions, is

required." Upon information and belief, this activity represents an ongoing policy, practice, or

SOP.

115.    A policy, practice, or SOP that refuses to identify withheld records in the

administrative stage is in violation of FOIA.  Such a practice constitutes outrageous conduct for

purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is

arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

116.    As a frequent FOIA requester, NSC stands to continue to be harmed by this

ongoing practice in the future.

117.    NSC is therefore entitled to relief in the form of a declaratory order that CIA is in

violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant

to that statute to cease the practice of refusing to identify records withheld in their entirety.

### EIGHTEENTH CAUSE OF ACTION

### (APA – CIA – REFUSAL TO IDENTIFY WITHHELD RECORDS)

118.    NSC repeats and realleges the allegations contained in all paragraphs set forth

above.

119.    If the authority to remedy a policy, practice, or SOP of refusing to identify records

withheld in their entirety cannot be found in the broad equitable powers provided by FOIA to the

Court, the authority can be found in the APA.  Such a practice is arbitrary, capricious, an abuse

of discretion, or otherwise contrary to law.

120.    As a frequent FOIA requester, NSC stands to continue to be harmed by this

ongoing practice in the future.

121.     NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to the APA to cease the practice of refusing to identify records withheld in their entirety.

## NINETEENTH CAUSE OF ACTION

## (FOIA – CIA – REFUSAL TO INVOKE EXEMPTIONS WITH PARTICULARITY)

122.     NSC repeats and realleges the allegations contained in all paragraphs set forth above.

123.     In the majority of cases in which CIA has withheld records in their entirety in response to an NSC FOIA request, including the requests that are the subject of the instant action, CIA has consistently invoked exemptions in the alternative (i.e., using the connector "and/or").

124.     In every case in which CIA has redacted information from records released in response to an NSC FOIA request, including the requests that are the subject of the instant action, CIA has consistently invoked exemptions on a document-level without indicating which exemptions applied to which particular redactions.

125.     According to a CIA training outline allegedly created on 1 January 2001, available at http://www.foia.cia.gov/docs/DOC_0001214753/DOC_0001214753.pdf,  "at initial and at appeal stage, no listing of documents, or putting specific exemptions next to redactions, is required."  Upon information and belief, this activity represents an ongoing policy, practice, or SOP.

126.     A policy, practice, or SOP that refuses to invoke exemptions with particularity is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad

equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

127.    As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

128.    NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to that statute to cease the practice of refusing to invoke exemptions with particularity.

## TWENTIETH CAUSE OF ACTION

## (APA – CIA – REFUSAL TO INVOKE EXEMPTIONS WITH PARTICULARITY)

129.    NSC repeats and realleges the allegations contained in all paragraphs set forth above.

130.    If the authority to remedy a policy, practice, or SOP of refusing to invoke exemptions with particularity cannot be found in the broad equitable powers provided by FOIA to the Court, the authority can be found in the APA.  Such a practice is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

131.    As a frequent FOIA requester, NSC stands to continue to be harmed by this ongoing practice in the future.

132.    NSC is therefore entitled to relief in the form of a declaratory order that CIA is in violation of its statutory responsibilities under FOIA and an injunction compelling CIA pursuant to the APA to cease the practice of refusing to invoke exemptions with particularity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff National Security Counselors prays that this Court:

(1)     Order the Central Intelligence Agency, Defense Intelligence Agency, Department of Justice, Department of State, National Security Agency, and Office of the Director of National Intelligence to disclose the requested records in their entirety and make copies promptly available to it;

(2)     Declare and find that CIA violated FOIA by invoking a blanket exemption to withhold all FOIA/PA processing notes, and that this violation was intentional and/or willful;

(3)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize the invocation of a blanket exemption to withhold all FOIA/PA processing notes constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(4)     Order CIA to cease invoking such a blanket exemption in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

(5)     Declare and find that CIA violated FOIA by invoking a blanket exemption to withhold all FOIA/PA reference materials, and that this violation was intentional and/or willful;

(6)     Declare and find that any CIA regulations, guidelines, or policy statements that authorize the invocation of a blanket exemption to withhold all FOIA/PA reference materials constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(7)     Order CIA to cease invoking such a blanket exemption in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

(8)     Declare and find that CIA violated FOIA and/or Executive Order 13,526 (by way of the Administrative Procedure Act) by issuing *Glomar* responses to all requests for information

22

about FOIA or MDR requests referred to CIA by other government agencies, and that this

violation was intentional and/or willful;

(9)     Declare and find that any CIA regulations, guidelines, or policy statements that

authorize the issuance of *Glomar* responses to all requests for information about FOIA or MDR

requests referred to CIA by other government agencies constitute an unreasonable interpretation

of the statutory obligations imposed by FOIA;

(10)     Order CIA to cease issuing *Glomar* responses in these circumstances and to

amend its regulations, guidelines, and policy statements accordingly;

(11)     Declare CIA's refusal to provide estimated dates of completion to requesters upon

request a violation of federal law, and that this violation was intentional and/or willful;

(12)     Order CIA, in the form of injunctive and mandamus relief, to provide estimated

dates of completion to requesters upon request and to amend its regulations, guidelines, and

policy statements accordingly;

(13)     Declare and find that CIA violated FOIA and/or the APA by refusing to identify

records withheld in their entirety, and that this violation was intentional and/or willful;

(14)     Declare and find that any CIA regulations, guidelines, or policy statements that

authorize refusing to identify records withheld in their entirety constitute an unreasonable

interpretation of the statutory obligations imposed by FOIA;

(15)     Order CIA to cease refusing to identify records withheld in their entirety and to

amend its regulations, guidelines, and policy statements accordingly;

(16)     Declare and find that CIA violated FOIA and/or the APA by refusing to invoke

exemptions with particularity, and that this violation was intentional and/or willful;

(17)    Declare and find that any CIA regulations, guidelines, or policy statements that authorize refusing to invoke exemptions with particularity constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(18)    Order CIA to cease refusing to invoke exemptions with particularity and to amend its regulations, guidelines, and policy statements accordingly;

(19)    Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(20)    Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(21)    Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(22)    Grant such other relief as the Court may deem just and proper.

Date:   February 28, 2011

Respectfully submitted,

_____
Kelly B. McClanahan, Esq.
DC Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

Attorney for Plaintiff